**Stuart GARDNER, Plaintiff**

v.

**NORFOLK SOUTHERN RAILWAY CO., Defendant.**

**Case No. 3:13CV1925.**

United States District Court, N.D. Ohio, Western Division.

Filed May 15, 2015.

468

Laurence C. Acker, Robert B. Thompson, Harrington, Thompson, Acker & Harrington, Chicago, IL, for Plaintiff.

Sheila A. McKeon, Gallagher Sharp, Toledo, OH, for Defendant.

## ORDER

JAMES G. CARR, Senior District Judge.

In this suit under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, a locomotive engineer alleges the Norfolk Southern Railway Company's failure to maintain a safe workplace proximately caused his carpal tunnel syndrome.

Pending is a motion by the engineer, plaintiff Stuart Gardner, to compel. (Doc. 26).

Gardner seeks an order requiring Norfolk Southern to answer three interrogatories and respond to two requests for production concerning the existence of prior claims and lawsuits involving carpal tunnel syndrome filed by Norfolk Southern employees.

Gardner contends this information could lead to admissible evidence showing the railroad was on notice that Gardner's working conditions were dangerous, and thus that it had a duty to warn of, or ameliorate, those dangers.

The railroad objected on numerous grounds, but its response to Gardner's motion focuses on: 1) lack of relevance; 2) the burdensome and overbroad nature of the request; and 3) vagueness.

These are the interrogatories and requests for production at issue:

**Interrogatory No. 6**

During [the] five year period prior to the filing of Plaintiff[']s complaint, had any of Defendant's employees complained to any of its yardmasters or supervisors of sustaining injuries to their upper extremities,

including carpal tunnel syndrome, at the location of plaintiffs employment[?]

**Interrogatory No. 7**

Please state whether in the last 10 years any employees working for Defendant as either an engineer or conductor have claimed to have sustained injuries to their upper extremities, including carpal tunnel syndrome, as a result of their occupational duties.

**Interrogatory No. 8**

Please state whether in the last 10 years any employees working for Defendant as either an engineer or conductor have filed lawsuits pursuant to the Federal Employers' Liability Act claiming that they sustained injuries to their upper extremities, including carpal tunnel syndrome, performing their occupational duties.

**Request for Production 42**

Any and all data and/or statistics pertaining to the number of upper extremities injury claims and lawsuits brought by brakemen, conductors, trainmen or locomotive engineers against Norfolk Southern Railway Company in the last ten years.

**Request for Production 43**

Any and all documents or other materials regarding upper extremities injury claims and lawsuits brought by brakemen, conductors, trainmen or locomotive engineers against Norfolk Southern Railway Company in the last 10 years, including the names of the parties, court and case number for each lawsuit.

(Doc. 26–1 at 3–7).

■ Under the Federal Rules, a party may discover "any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.; see also Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

■ Contrary to the railroad's contentions, much of what Gardner seeks is relevant and discoverable.

First, the information about prior claims and lawsuits goes directly to one element of Gardner's claim: whether Norfolk Southern knew or should have known of the allegedly unsafe conditions in which a locomotive engineer or conductor worked. *Lewis v. CSX Transp., Inc.,* 778 F.Supp.2d 821, 838–39 (S.D.Ohio 2011) (plaintiff must prove defendant knew or should have known of dangerous working conditions).

Should the evidence show Norfolk Southern engineers and conductors filed a spate of successful claims and lawsuits alleging they developed carpal tunnel system on the job, a jury could reasonably find the company was on notice of the conditions that allegedly caused Gardner's injuries.

Second, the information Gardner seeks may itself be admissible, and is certainly "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Norfolk Southern objects that past complaints and lawsuits re. carpal tunnel system are irrelevant because "it is impossible to determine whether any other alleged claims and/or lawsuits are made by employees similarly situated to Gardner[.]" (Doc. 27 at 4).

The railroad also contends the past claims and lawsuits are unlikely to resemble to Gardner's case, given the "variables, or any combination of [variables that] serve to individualize" each case of carpal tunnel system. (*Id.* at 5).

These objections, which, at bottom, assume none of the prior claims is substantially similar to Gardner's case, are meritless.

Allowing Gardner access to past claims and lawsuits may reveal that, in fact—and contrary to Norfolk Southern's argument—the claimants or plaintiffs in those cases are similarly situated to Gardner, and that such claims were *bona fide*.

■ Third, I share some of the railway's concerns over the scope and breadth of Gardner's requests—particularly regarding suits and claims by non-engineers and non-conductors, the request for "complaints" to supervisors, and the request for various statistics

and data relating to prior claims and lawsuits.

Accordingly, as Gardner has not provided an adequate response to defendant's specific objections to those materials, I will not grant the full extent of discovery Gardner seeks, but only the discovery specified below.

It is, therefore

ORDERED THAT plaintiff's motion to compel (Doc. 26) be, and the same hereby is, granted in part. Norfolk Southern to produce to plaintiff, as soon as practicable:

1. The gross number of carpal tunnel syndrome claims or lawsuits filed by Norfolk Southern conductors and engineers in the five years preceding the date Gardner filed this lawsuit; and

2. For each lawsuit specified in paragraph 1, the names of the parties, the court, and the case number.

It is further ORDERED THAT neither plaintiff nor plaintiff's counsel may disclose the produced information to any third party for any reason, or use this information for any purpose, unrelated to litigating the present lawsuit.

So ordered.